1  JULIE A. DUNNE (Bar No. CA-160544)
   julie.dunne@us.dlapiper.com
2  MATTHEW RILEY (Bar No. CA-257643)
   matthew.riley@us.dlapiper.com
3  **DLA PIPER LLP (US)**
   4365 Executive Drive, Suite 1100
4  San Diego, CA 92121-2133
   Tel:   858.677.1400
5  Fax:  858.677.1401

6  Attorneys for Defendant
   GMRI, INC.

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  SHAWN GAYE, an individual, on behalf of     Case No. **'23CV1144 L    JLB**
    himself and on behalf of all persons
12  similarly situated,                          (San Diego County Superior Court
                                                 Case No. 37-2023-00012535-CU-
13                                               OE-CTL)
                    Plaintiff,
14                                              **DEFENDANT GMRI, INC.'S**
         v.                                     **NOTICE OF REMOVAL TO**
15                                              **FEDERAL COURT PURSUANT**
    GMRI, INC., a corporation; and DOES 1      **TO 28 U.S.C. §§ 1332, 1441, AND**
16  through 50 inclusive,                       **1446**

17                                              Complaint Filed: March 27, 2023
                    Defendants.
18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF SHAWN GAYE, AND PLAINTIFF'S ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant GMRI, Inc. ("Defendant") hereby removes the state court action described herein, filed by Plaintiff Shawn Gaye ("Plaintiff") in the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendant makes the following allegations in support of its Notice of Removal:

## I.  STATEMENT OF JURISDICTION

1.  This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II.  VENUE

2.  Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego. Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## III.  PLEADINGS, PROCESS, AND ORDERS

3.  On March 27, 2023, Plaintiff filed an unverified Class Action Complaint against Defendant and unnamed Doe defendants in the San Diego County Superior Court entitled *Shawn Gaye, an individual, on behalf of himself and on behalf of all persons similarly situated, Plaintiff vs. GMRI, Inc., a Corporation; and DOES 1 through 50, inclusive, Defendants*, designated as Case No. 37-2023-00012535-CU-

1  OE-CTL (hereinafter, the "Complaint"). Plaintiff's Complaint contains eleven causes
2  of action alleging: (a) unfair competition in violation of California Business and
3  Professional Code §§ 17200, *et seq.*; (b) failure to pay minimum wages in violation
4  of California Labor Code §§ 1194, 1197 and 1197.1; (c) failure to pay overtime wages
5  in violation of California Labor Code § 510; (d) failure to provide required meal
6  periods in violation of California Labor Code §§ 226.7 and 512; (e) failure to provide
7  required rest periods in violation of California Labor Code §§ 226.7 and 512;
8  (f) failure to provide accurate itemized statements in violation of California Labor
9  Code § 226; (g) failure to reimburse employees for required expenses in violation of
10 California Labor Code § 2802; (h) failure to provide wages when due in violation of
11 California Labor Code §§ 201, 202, and 203; (i) failure to pay sick pay wages in
12 violation of California Labor Code §§ 201-204, 233, and 246; (j) discrimination and
13 retaliation in violation of the Fair Employment and Housing Act ("FEHA"); and
14 (k) constructive discharge and other adverse employment actions in violation of
15 public policy. (*See* Declaration of Matthew Riley in Support of Defendant GMRI,
16 Inc.'s Notice of Removal to Federal Court ["Riley Decl."], ¶ 2.)
17        4.     On March 28, 2023, the Clerk of the San Diego County Superior Court
18 issued a Summons in the *Gaye* action. (*See* Riley Decl., ¶ 3.)
19        5.     On May 18, 2023, Plaintiff served Defendant through Defendant's
20 registered agent for service of process, Corporate Creations Network Inc., with the
21 following documents: (a) Plaintiff's Complaint; (b) the Summons; (c) a Notice of
22 Case Assignment and Case Management Conference; (d) a Civil Case Cover Sheet;
23 (e) an Alternative Dispute Resolution (ADR) Information document; and (f) a Process
24 Instruction Form. Attached hereto as **Exhibit A** is a true and correct copy of the
25 Complaint filed in the San Diego County Superior Court and served by Plaintiff.
26 Attached hereto as **Exhibit B** are true and correct copies of the Summons, the Notice
27 of Case Assignment and Case Management Conference, the Civil Case Cover Sheet,
28 the Alternative Dispute Resolution (ADR) Information document, and the Process

Instruction Form. (Riley Decl., ¶ 4.)

6. On May 19, 2023, Plaintiff filed a proof of service of the Summons and Complaint confirming that Plaintiff served Defendant with those documents on May 18, 2023. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's proof of service. (Riley Decl., ¶ 5.)

7. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served by any party other than as described above. To Defendant's knowledge, no proceedings related hereto have been heard in the San Diego County Superior Court. (Riley Decl., ¶ 6.)

## IV. TIMELINESS OF REMOVAL

8. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint). Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it "assures defendants adequate time to decide whether to remove an action to federal court." *See id.* at 354. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347.

9. Removal of this action is timely. Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on May 18, 2023, the thirty-day period for removal runs through June 20, 2023. *See Allen v. Toyota Motor Credit Corp.*, No. 19-cv-03062-SK, 2019 WL 10944853, at *2 (N.D. Cal. Aug. 1, 2019) (concluding that under Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when the 30-day deadline to remove falls on a weekend, the deadline

rolls over to the next day that is not a weekend or holiday); *Osgood v. Main Streat Mktg., LLC*, No. 16cv2415-GPC(BGS), 2016 WL 6698952, at *3 (S.D. Cal. Nov. 15, 2016) (same).

## V. CAFA JURISDICTION

10. As noted above, this Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As set forth below, this case meets each CAFA requirement for removal.

    **A.** **This is a Class Action.**

11. Plaintiff filed this action as a class action. (Complaint, ¶¶ 4, 31, 41.)

    **B.** **The Proposed Class Contains At Least 100 Members.**

12. The provisions of CAFA apply to proposed class actions involving 100 individuals or more. 28 U.S.C. § 1332(d)(5)(B).

13. Plaintiff, who worked for Defendant at Defendant's Eddie V's restaurant in San Diego, California from September 30, 2016, to September, 29, 2022, seeks to represent a class consisting of "all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint." (Complaint, ¶ 4.) Defendant has employed at least 1,162 non-exempt employees at its Eddie V's restaurants in California during the four years prior to Plaintiff's filing of his Complaint. Thus, CAFA's requirement that the putative class consist of 100 or more individuals is satisfied.

4
DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

### C. **Defendant Is Not A Governmental Entity.**

14. CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B).

15. Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA.

### D. **There Is Diversity Between At Least One Putative Class Member And One Defendant.**

16. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

17. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place she resides with the intention to remain). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

18. Here, upon information and belief, at the time Plaintiff commenced this action and at the time of removal, Plaintiff resided in the State of California. (*See* Complaint, ¶ 3 ["Plaintiff was employed by DEFENDANT in California from October of 2016 to September 28, 2022"].) Plaintiff's allegation of employment in

California in support of his California state court claim creates a presumption of domicile.

19. Defendant is now, and was at the time the Complaint was filed, a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(c)(1) because Defendant is now, and was at the time the Complaint was filed, a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (adopting the "nerve center test," which locates a corporation's principal place of business in the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is "typically" the corporation's headquarters). The majority of Defendant's executive and administrative functions are performed, and the majority of Defendant's executive and administrative officers are located, in the State of Florida. Accordingly, Defendant is, and at all relevant times has been, a citizen of the State of Florida. 28 U.S.C. § 1332(c)(1).

20. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

21. Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.    The Amount in Controversy Exceeds $5,000,000.**

22. Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

23. In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the Supreme Court recognized that, "as specified in § 1446(a), a defendant's notice

1  of removal need include only a plausible allegation that the amount in controversy
2  exceeds the jurisdictional threshold." Only if the plaintiff contests or the court
3  questions the allegations of the notice of removal is supporting evidence required. *Id.*
4  at 89.[1]

5      24.    For purposes of determining whether the amount in controversy has been
6  satisfied, the Court must presume that Plaintiff will prevail on his claims. *See Kenneth*
7  *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal.
8  2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating
9  that the amount in controversy analysis presumes that "plaintiff prevails on
10 liability.")). The ultimate inquiry is what amount is put "in controversy" by the
11 allegations of a plaintiff's complaint, not what a defendant might actually owe. *Lewis*
12 *v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in
13 controversy is simply an estimate of the total amount in dispute, not a prospective
14 assessment of [a] defendant's liability."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d
15 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the
16 amount in controversy exceeds $5,000,000, defendants "are still free to challenge the
17 actual amount of damages in subsequent proceedings and at trial" because they are
18 only estimating the amount in controversy).

19     25.    Defendant denies the validity and merit of the entirety of Plaintiff's
20 claims and the claims for monetary and other relief that flow therefrom. For purposes
21 of removal only, however, and without conceding that Plaintiff or the putative class
22 are entitled to any damages or penalties whatsoever, it is readily apparent that the

---

[1] Notwithstanding Plaintiff's allegation that the amount in controversy does not exceed $5,000,000 (*see* Complaint, ¶ 4), Defendant is not required to submit evidence of the amount in controversy at the time of removal. *See, e.g., Sanders v. Old Dominion Freight Line, Inc.*, No. 17cv2340-CAB-NLS, 2018 WL 1193836, at *2 (S.D. Cal. March 8, 2018) (where complaint alleged amount in controversy was less than $5,000,000 and plaintiff challenged the defendant's allegations in the notice of removal, defendant was required to submit evidence in response to motion to remand to establish the amount in controversy); *see also Dart Cherokee*, 574 U.S. at 89 ("a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations" [emphasis added]).

allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

26.     Plaintiff alleges that he and the members of the putative class he seeks to represent are entitled to damages beginning four years prior to the filing of his Complaint. Defendant alleges, on information and belief, that between March 27, 2023, and June 16, 2023, Defendant employed at least 1,167 individuals in non-exempt positions at Defendant's Eddie V's restaurants in California. Thus, there are at least 1,167 individuals who fall within the scope of the putative class that Plaintiff seeks to represent in this action.

27.     The Complaint asserts the following nine causes of action on behalf of the putative class members: (a) unfair competition in violation of California Business and Professional Code §§ 17200, *et seq.*; (b) failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197 and 1197.1; (c) failure to pay overtime wages in violation of California Labor Code § 510; (d) failure to provide required meal periods in violation of California Labor Code §§ 226.7 and 512; (e) failure to provide required rest periods in violation of California Labor Code §§ 226.7 and 512; (f) failure to provide accurate itemized statements in violation of California Labor Code § 226; (g) failure to reimburse employees for required expenses in violation of California Labor Code § 2802; (h) failure to provide wages when due in violation of California Labor Code §§ 201, 202, and 203; and (i) failure to pay sick pay wages in violation of California Labor Code §§ 201-204, 233, 246. (Complaint, ¶¶ 50-123.)

28.     Based on the allegations in the Complaint, the amount that Plaintiff has placed in controversy is at least **$6,146,601.20**, as summarized and explained below.

29.     **Failure to Authorize and Permit Rest Periods.** Plaintiff alleges that "DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave

the work premises during their rest period." (Complaint ¶ 12.) Plaintiff also alleges that Defendant "failed to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period." (*Id.*, ¶ 100.)

30. California law requires that employees are entitled to one 10-minute rest period if they work 3.5 and up to 6 hours, a second 10-minute rest period if they work more than 6 hours and up to 10 hours, and a third rest period if they work more than 10 hours and up to 14 hours, and so on. *See Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1029 (2012). Under the California Labor Code, if an employer fails to provide an employee a rest period in accordance with California law, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the . . . rest . . . period is not provided." CAL. LAB. CODE § 226.7(c).

31. Defendant alleges, on information and belief, that between March 27, 2019, and June 16, 2023, Defendant employed at least 1,162 non-exempt Eddie V's employees in California, these employees worked at least 223,370 shifts lasting at least 3.5 hours in duration, and these employees' hourly rate of pay has at all times been at least the California minimum wage. Based on Plaintiff's allegation that Defendant has an unlawful on-premises rest period policy preventing employees from leaving the premises during their rest periods, it is proper to assume a 100% violation rate. Assuming that Plaintiff and each of the putative class members are entitled to an additional hour of pay for each of those 223,370 rest-period-eligible shifts at the California minimum wage in effect on March 27, 2019 (i.e., $12.00/hour), the amount in controversy as to Plaintiff's rest period claim would be at least **$2,680,440** (223,370 rest-period-eligible shifts x $12.00/hour = $2,680,440).[2]

---

[2] The California minimum wage in effect on March 27, 2019 (i.e., four years before this lawsuit was filed) for employers with more than 25 employees was $12.00/hour. Defendant paid many of the putative class members more than minimum wage throughout the applicable four-year period. Moreover, the state minimum wage has increased incrementally since 2019, making this calculation a conservative underestimate of the amount in controversy as to Plaintiff's rest period claim

32.  **Failure to Provide Accurate Itemized Statements.** In his Sixth Cause of Action, Plaintiff seeks statutory wage statement penalties pursuant to California Labor Code § 226 based on the allegation that Defendant "failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned." (Complaint ¶ 104.) Plaintiff also alleges that Defendant issued wage statements that "failed to identify the accurate total hours worked each pay period." (*Id.*)

33.  Under the California Labor Code, if an employer knowingly and intentionally fails to provide accurate itemized wage statements in accordance with California Law, the employee "is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars." CAL. LAB. CODE § 226(e). The statute of limitations for Plaintiff's wage statement claim is one year. *See* Cal. Civ. Proc. Code § 340(a); *Hassan v. Praxair, Inc.*, No. LA CV18-02811 JAK (AFMx), 2019 WL 3064435, at *5 (C.D. Cal. March 4, 2019) ("To the extent that Plaintiff's wage statement claim seeks to recover penalties, it is restricted by a one-year limitations period." (citing *Novoa v. Charter Commc'ns, LLC*, 100 F.Supp.3d 1013, 1025 (E.D. Cal. 2015))).

34.  Defendant alleges, on information and belief, that of the 1,162 non-exempt Eddie V's employees that Defendant employed in California between March 27, 2019, and June 16, 2023, 666 of them were employed since March 27, 2022, and those 666 employees were issued approximately 22,578 wage statements since March 27, 2022. Applying the applicable $50/$100 wage statement penalty to each wage statement, and capping wage statement penalties at $4,000 per employee, Defendant alleges that the amount in controversy with respect to Plaintiff's inaccurate wage statement claim is approximately **$1,766,900** ([$50 x 666 initial wage statements] +

[$100 x 17,336 subsequent wage statements] = $1,766,900).

35. **Waiting Time Penalties.** In his Eighth Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code § 203 for putative class members whose employment ended during the applicable limitations period. (Complaint, ¶¶ 110-117.) The statute of limitations for Plaintiff's waiting time penalty claim is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal.4th 1382, 1935 (2010) ("[No] one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages."). Penalties under California Labor Code § 203(a) are calculated at an employee's final daily rate of pay (i.e., the employee's final wage rate multiplied by the employee's average shift length) multiplied by the number of days of waiting time penalties (up to 30 days). *Mamika v. Barca*, 68 Cal.App.4th 487, 491-93 (1998).

36. Defendant alleges, on information and belief, that of the 1,162 non-exempt Eddie V's employees that Defendant employed in California between March 27, 2019, and June 16, 2023, the employment of 637 of them ended on or after March 27, 2020, that these employees' average shift length was 6.84 hours, and that these employees' hourly rate at the time of termination was at least the California minimum wage. Assuming that each of these 637 employees are entitled to 30 days of waiting time penalties, and applying the California minimum wage in effect on March 27, 2020 (i.e., $13.00/hour), the amount in controversy as to Plaintiff's waiting time penalty claim would be at least **$1,699,261.20** (637 former putative class members x $13.00/hour x 6.84 hours x 30 days = $1,699,261.20).[3]

---

[3] The California minimum wage in effect on March 27, 2020 (i.e., three years before this lawsuit was filed) for employers with more than 25 employees was $13.00/hour. Defendant paid many of the putative class members more than minimum wage throughout the applicable three-year period. Moreover, the state minimum wage has increased incrementally since 2019, making this calculation a conservative underestimate of the amount in controversy as to Plaintiff's claim for waiting time penalties.

37. **Additional Claims for Damages.** The amount placed in controversy by Plaintiff's causes of action for alleged rest period premiums, wage statement penalties, and waiting time penalties is at least **$6,146,601.20**. In addition, Plaintiff seeks to recover on behalf of the putative class minimum wages (Second Cause of Action), overtime wages (Third Cause of Action), meal period premiums (Fourth Cause of Action), expense reimbursements (Seventh Cause of Action), sick pay wages (Ninth Cause of Action), and attorneys' fees which Defendant did not factor into its amount-in-controversy calculations. Obviously, inclusion of these alleged damages would increase the amount in controversy. Therefore, CAFA's jurisdictional requirement that the matter in controversy exceed $5,000,000, exclusive of interest and costs, is easily satisfied in this action.

VI.  **NOTICE OF REMOVAL TO STATE COURT AND ADVERSE PARTY**

38. Following the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Norman B. Blumenthal, Kyle R. Nordrehaug, Aparajit Bhowmik, and Nicholas De Blouw of Blumenthal Nordrehaug Bhowmik De Blouw LLP, and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to CAFA.

Dated: June 20, 2023                                **DLA PIPER LLP (US)**

By:  */s/ Matthew Riley*
JULIE A. DUNNE
MATTHEW RILEY

Attorneys for Defendant
GMRI, INC.

12
DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

**INDEX OF EXHIBITS TO DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

| Exhibit | Description | Page(s) |
|---|---|---|
| A | Class Action Complaint | 14-65 |
| B | Summons, Notice of Case Assignment and Case Management Conference, Civil Case Cover Sheet, Alternative Dispute Resolution (ADR) Information document, and Process Instruction Form | 66-74 |
| C | Proof of Service | 75 |